IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERESA HARE                                                                                  PLAINTIFF

VS.                                CIVIL NO. 04-4123

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION            DEFENDANT

## MEMORANDUM OPINION

Teresa Hare ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for a period of disability and disability insurance benefits ("DIB"), under Title II of the Act.

## Background:

The application for DIB now before this court was filed on November 6, 2002, alleging an onset date of September 27, 2002, due to back pain and numbness in the legs. (Tr. 15, 40-42, 49). An administrative hearing was held on October 7, 2003. (Tr. 316-327). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was forty-three years old and possessed a high school education. (Tr. 15, 40). The record reflects that she has relevant previous work experience as a utility operator, cashier, and waitress. (Tr. 15, 57).

On May 11, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 20). After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ("RFC"), to perform

a full range of sedentary work, noting that she had no nonexertional impairments that affected her ability to work. Because her past relevant work ("PRW"), required her to perform activities precluded by her RFC, the ALJ determined that she could not return to her PRW. However, utilizing the Medical Vocational Guidelines ("the Grids"), he concluded that there were jobs existing in significant numbers in the national economy which plaintiff could perform. (Tr. 19).

The Appeals Council declined to review this decision. (Tr. 5-8). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 9, 10).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir.2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir.2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir.2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th

Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In this case, the ALJ determined that plaintiff was capable of performing a full range of sedentary work, stating that she had no nonexertional limitations. (Tr. 18). He later states that any pain or discomfort she might experience is not severe enough to preclude her from performing sedentary work. (Tr. 18). While her pain might not prevent her from performing all sedentary jobs, the ALJ failed to consider whether her pain would limit her ability to perform a full range of sedentary work.

The evidence clearly indicates that plaintiff was suffering from severe back problems. Plaintiff was diagnosed with a herniated disc at the L3-4 level on the left side. (Tr. 266). In September 2002, she underwent a left L3-4 level hemilaminectomy, foraminotomy, and removal of the herniated disc. (Tr. 264-267). However, following this procedure, she continued to report lower back pain and numbness. (Tr. 298-299). Her pain was so severe that it necessitated hospital admission for evaluation

and pain control. (Tr. 132-134). An MRI of the lumbar spine revealed scar tissue in the L3-4 level, due to her previous surgery; moderate degenerative disc disease ("DDD") and facet osteoarthritis at the L4-5 level; and, advanced DDD with desiccation, as well as a moderate central protrusion and enhancing tear in the posterior annulus fibrosis at the L5-S1 level. (Tr. 136-137). In December 2002, she underwent a laminectomy, foraminotomy, and discectomy of the L5-S1 level. (Tr. 165, 167-171, 298, 299). Nonetheless, plaintiff's pain did not resolve. (Tr. 292-293, 298, 305). An MRI dated January 28, 2003, showed significant disc dessication and deterioration at three disc levels: L3-4, L4-5, and L5-S1. In addition, it revealed some scarring related to her previous two surgeries. (Tr. 162). On March 3, 2003, plaintiff saw Dr. Freddie Contreras, a neurosurgeon. (Tr. 292-293). Although Dr. Contreras noted that her MRI looked "encouraging," he recommended that she seek out disability retirement. On this date, he wrote a letter to plaintiff's attorney, indicating that she suffered from chronic and disabling back pain, due to "three black [sic] discs." (Tr. 292). Dr. Contreras noted that plaintiff was probably a candidate for a fusion, but that she wanted to try and avoid further surgery on her lumbar spine, at that time. (Tr. 293). He then completed an RFC assessment, finding that plaintiff could carry five to ten pounds and reach above shoulder level for less than one third of the day, and required the freedom to rest frequently without restriction. (Tr. 16, 294-297). Dr. Contreras also found that plaintiff could not stoop, crouch, crawl, climb, balance, or kneel. (Tr. 296). *See Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (holding that a treating physician's opinion is generally entitled to substantial weight).

In spite of this evidence, the ALJ concluded that Dr. Contrera's opinion was inconsistent with the overall record. Accordingly, he relied on a report prepared by a consultative physician, who only examined plaintiff on one occasion. Dr. William Blankenship, the consultative physician, concluded

that plaintiff was suffering from degenerative disc disease of the lumbar spine. (Tr. 309). However, x-rays of her lumbar spine revealed narrowing and a Knutson's phenomenon (gas formation) at the L5-S1 level, with osteophyte formation off the anterior superior margin of the body of the L3 and L5 vertebras and the anterior inferior margin of the body of the L5 vertebra. (Tr. 309). Nonetheless, Dr. Blankenship was of the opinion that plaintiff retained the RFC to lift/carry up to ten pounds frequently and occasionally, and stand at least two hours during an eight-hour workday. (Tr. 311-314). As a general matter, the report of a consulting physician who examined a claimant once or not at all does not constitute substantial evidence to support an ALJ's opinion. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). This is especially true in cases, like the present, where the consultative examination is contradicted by the evaluation of the claimant's treating physician, as well as the objective medical evidence.

It is also significant to note that Dr. Blankenship concluded that plaintiff was limited to occasional stooping and frequent balancing, kneeling, crouching, and crawling. Further, he also found that plaintiff was limited in her ability to perform pushing/pulling actions with her lower extremities and could not climb. (Tr. 312). Dr. Alice Davidson, a non-examining, consultative physician also concluded that plaintiff could never climb, balance, kneel, or crawl, and could only occasionally stoop and crouch. (Tr. 150). However, the ALJ failed to comment on these findings in his opinion. Instead, he concluded that plaintiff had no non-exertional impairments. As such, on remand, the ALJ is directed to reevaluate plaintiff's RFC, taking into account any and all nonexertional limitations that her pain might cause. If he has questions concerning the opinions of Drs. Contreras or Blankenship, he is directed to issue interrogatories to Dr. Contrera requesting that the evidence be clarified.

In addition, the record also contains a letter written by Dr. Contreras on June 11, 2004. (Tr.

315). Because this letter was not submitted until after the ALJ had rendered his decision, he has not had a chance to review this letter. "Under this regulation, if a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). Evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision. *Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984). When, as here, "'the Appeals Council has considered [the] new and material evidence and declined review, we must decide whether the ALJ's decision is supported by substantial evidence in the whole record, including the new evidence.'" *Gartman v. Apfel*, 220 F.3d 918, 922 (8th Cir. 2000) (quoting *Kitts v. Apfel,* 204 F.3d 785, 786 (8th Cir. 2000)).

In the letter, Dr. Contreras states that plaintiff suffered from severe lower back pain, as well as right hip and leg pain. He rated her pain as an eight or nine on a scale of one to ten. Further, Dr. Contreras was of the opinion that her pain would prevent her from doing any type of exertive activities or prolonged sitting or standing. In support of his opinion, he stated that an MRI scan dated January 28, 2003, showed significant disc dessication and deterioration at the L3-4, L4-5, and L5-S1 levels. Dr. Contreras also noted some scarring related to her previous back surgeries. He then stated his medical opinion that plaintiff would be unable to perform any type of work due to the severity of her pain, and the overall condition of her lumbar spine. As such, Dr. Contreras indicated that plaintiff had the following permanent restrictions: no lifting over ten pounds, no bending or stooping, no prolonged sitting or standing, and no twisting. (Tr. 315).

After reviewing this evidence, we are convinced that the information contained in Dr. Contreras'

letter is both material and relative to plaintiff's condition as it existed at the time of the ALJ's decision. As we have already concluded that the ALJ's decision is not supported by substantial evidence, on remand, we believe that the ALJ should consider this letter in conjunction with the other medical evidence contained in the file, before making a final decision.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 17th day of August 2005.

    /s/ Honorable Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE